IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Action No. 21-cr-00231-PAB-6
Civil Action No. 23-cv-02667-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6. FABIAN GARCIA-LAZALDE,

    Defendant.

# ORDER

This matter comes before the Court on defendant Fabian Garcia-Lazalde's Motion for Reconsideration of Order Denying 28 U.S.C. § 2255 Motion [Docket No. 302]. The United States does not oppose Mr. Garcia-Lazalde's motion. Docket No. 304 at 2.

## I. BACKGROUND

Mr. Garcia-Lazalde was convicted, pursuant to guilty plea, of one count of Conspiracy to Distribute and Possess with Intent to Distribute: (1) 50 Grams and More of Methamphetamine (actual), a Schedule II Controlled Substance; and (2) a Mixture and Substance Containing a Detectable Amount N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(C), and 846. Docket Nos. 147, 251, 257. On September 16, 2022, Mr. Garcia-Lazalde was sentenced to ninety-seven months of imprisonment, to be followed by a three-year term of supervised release. Docket Nos.

251, 257.  Judgment was entered on September 19, 2022.  Docket No. 257.  Mr. Garcia-Lazalde did not file a direct appeal with the Tenth Circuit.  Therefore, the judgment of conviction became final on October 3, 2022.   See *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment).

On October 10, 2023, Mr. Garcia-Lazalde filed a § 2255 motion asserting two claims for ineffective assistance of counsel.  Docket No. 298.  On October 16, 2023, the Court denied Mr. Garcia-Lazalde's § 2255 motion on the basis that it was time-barred.  Docket No. 299 at 4.  The Court found that the one-year limitation period during which Mr. Garcia-Lazalde could file a § 2255 motion ended on October 3, 2023, *see* 28 U.S.C. § 2255(f)(1) (stating that motions filed under § 2255 are subject to a one year period of limitation which runs from "the date on which the judgment of conviction becomes final"), and that Mr. Garcia-Lazalde's motion was therefore untimely because it was not filed until October 10, 2023.  Docket No. 299 at 3.  Mr. Garcia-Lazalde filed a motion for reconsideration on November 20, 2023.  Docket No. 302.

## II.  LEGAL STANDARD

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011)).  Motions for reconsideration are "appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have

been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

## III. ANALYSIS

Mr. Garcia-Lazalde's motion for reconsideration argues that his § 2255 motion was not untimely because it "was placed in the mailbox on October 3, 2023." Docket No. 302 at 2. He also notes that the § 2255 motion and its accompanying cover letter are dated October 3, 2023.[1] *Id.* The government's response to the motion for reconsideration states that it "appears . . . that the defendant did place his § 2255 motion in a prison 'mail receptacle' within the time limitation period set forth in 28 U.S.C. § 2255(f)." Docket No. 304 at 1. According to the government, the Bureau of Prisons conducted an investigation and concluded that it appears likely that Mr. Garcia-Lazalde signed, dated, and deposited his § 2255 motion in a mail receptacle in the facility where he is housed, FCI Victorville Medium II, on October 3, 2023. *Id.* at 2.

The prison mailbox rule states that a document is considered timely if given to prison officials prior to the filing deadline, regardless of when the Court receives the document. *Price v. Philpot*, 420 F.3d 1158, 1164–67 (10th Cir. 2005)*; see also Green v. Snyder*, 525 F. App'x. 726, 729 (10th Cir. 2013) (unpublished) (finding objections untimely where the prisoner's certificate of mailing did not comply with the prison

---

[1] Mr. Garcia-Lazalde also states that mail at the facility where he is housed "has been very unreliable, inconsistent, and . . . is rarely received on time" since the coronavirus pandemic and asks the Court to consider these factors before determining that his § 2255 motion was time-barred. Docket No. 302 at 2. However, the unreliability, inconsistency, and untimeliness of mail at a prison does not govern whether the prison mailbox rule applies, and Mr. Garcia-Lazalde does not identify any legal authority that would permit the Court to consider these factors when determining the timeliness of his § 2255 motion.

mailbox rule).  "To benefit from the rule, a prisoner must use the institution's legal mail system, deposit the notice on or before the last day for filing, and include 'a declaration in compliance with 28 U.S.C. § 1746 . . . setting out the date of deposit and stating that first-class postage is being prepaid.'"  *Barrow v. Hudson*, 2024 WL 959875, at *1 (10th Cir. Mar. 6, 2024) (quoting Fed. R. App. P. 4(c)(1)(A)(i)).  Federal Rule of Appellate Procedure 4(c)(1) states, in part:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1).  If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> > (A) it is accompanied by:
> >
> > > (i)  a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or
> > >
> > > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid . . . .

Mr. Garcia-Lazalde's § 2255 motion includes the following declaration:

> I, Fabian Garcia-Lazalde, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule.  See *Houston v. Lack,* 487 U.S. 266, 270 (1988).

Docket No. 298 at 12.  The declaration is dated October 3, 2023.  Although this declaration sets out the date of deposit, it fails to state that first-class postage is being prepaid, which is a condition of the prison mailbox rule.  Therefore, Mr. Garcia-Lazalde cannot benefit from the rule.  *See Barrow*, 2024 WL 959875, at *2 ("Though Barrow set

4

out the date of deposit, he failed to state that first-class postage had been prepaid. This omission is fatal.") (citations omitted).

As stated above, Mr. Garcia-Lazalde's conviction became final on October 3, 2022, and the one-year limitation period during which he could file a § 2255 motion ran from that date.[2] *See* 28 U.S.C. § 2255(f)(1). Because Mr. Garcia-Lazalde's § 2255 motion was filed on October 10, 2023, *see* Docket No. 298, it was untimely. Therefore, the Court did not "misapprehend[ ] the facts, a party's position, or the controlling law" when it denied Mr. Garcia-Lazalde's § 2255 motion. *See Servants of Paraclete*, 204 F.3d at 1012. The Court will deny the motion for reconsideration.

## V. CONCLUSION

Therefore, it is

**ORDERED** that the Motion for Reconsideration of Order Denying 28 U.S.C. § 2255 Motion [Docket No. 302] is **DENIED**.

DATED October 16, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Mr. Garcia-Lazalde's motion for reconsideration does not challenge the date his conviction became final or the date that the limitations period ended.